IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD DRASBA, | : Civ. No. 1:23-CV-01409 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| FOLLETT HIGHER EDUCATION GROUP, LLC | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us on a motion for summary judgment filed by the defendant, Follett Higher Education Group, LLC ("Follett"). (Doc. 25). The plaintiff, Donald Drasba, filed this lawsuit against Follett, his former employer, alleging claims pursuant to the Age Discrimination in Employment Act ("ADEA") and Pennsylvania Human Relations Act ("PHRA"). (Doc. 1). Drasba contends that Follett wrongfully discriminated against him by terminating him because of his age. (Id.). Follett moved for summary judgment on the grounds that Drasba did not establish a prima facie case of discrimination, and in the alternative, that there was a legitimate nondiscriminatory reason for Drasba's termination. (Doc. 25). After consideration, we conclude that there are

genuine issues of material fact with respect to Drasba's age discrimination claim. Accordingly, we will deny the motion for summary judgment.

## II. Background

In July 1995, Follett hired Drasba to work at the Wilkes University Bookstore. (Doc. 27 ¶ 2). Drasba then transferred to the University of Scranton ("Scranton") bookstore, where he worked as the store manager for 22 years. (Doc 1. ¶ 9). Drasba worked alongside Lisa Mekilo, who served as the general merchandising manager at Scranton. (Doc. 31 at 2).

According to Follett, in June of 2022, the campus contact for the University of Scranton, Bobby Davis, sent a letter to Follett's president notifying him of Scranton's intent to terminate its agreement with Follett. (Doc. 27 ¶ 5). Part of the reason for the early termination was that the university felt that a "new direction" was needed. (*Id.* ¶ 6). In an effort to bring the Scranton store up to the university's requirements, in October 2022, Follett transferred Himil Desai, who was in his twenties, to be an assistant manager at Scranton and help with store operations. (Doc. 29 at 10). According to Drasba, the Scranton store

never had an assistant manager in the years he worked there, and thus, he believed that Desai's onboarding meant either he or Mekilo were going to be terminated. (Doc. 28-1 at 11).

In December of 2022, Follett's Regional Manager, James Pallante, visited the Scranton store over Christmas break to help Drasba and his coworkers reorganize the store. (Doc. 27 ¶ 13). In January of 2023, Pallante discussed an issue brought to his attention by Davis with human resources and the Group Vice President regarding an email that Drasba incorrectly sent. (*Id.* ¶ 19). Pallante noted that Davis explained this issue as being indicative of issues he had with Drasba's performance for several years. (*Id.* ¶ 20). In addition, there was allegedly an issue involving a miscommunication between a professor and Drasba regarding the availability of a textbook. (*Id.* ¶¶ 21-23). However, while Follett argues that this was a significant issue that was escalated to Mr. Davis, Drasba contends that the professor later apologized to him for the problem being escalated, as it was not at all significant. (Doc. 32-1 at 33).

On February 3, 2023, Pallante terminated Drasba from Follett effective immediately. (Doc. 1 ¶ 11). Drasba was 61 years old when Follett terminated his employment. (Doc. 27 ¶ 1). After Drasba was

terminated, Joan Diehl was appointed as the acting store manager at Scranton. (*Id.* at ¶ 17; Doc. 27 ¶ 37). Diehl, who is 16 years younger than Drasba, was already employed by Follett as the store manager at Luzerne County Community College and previously worked at the Scranton bookstore. (Doc. 27 ¶¶ 38-39). Drasba also believed that Desai was offered the store manager position after Drasba was terminated, though Desai asserts that he was never offered the position. (*Id.* at 16-17, 82). In May of 2023, Follett transferred Holly Pelton, who is four years younger than Drasba, to be the permanent manager of the Scranton bookstore. (*Id.* ¶¶ 43, 47). In the same month, Follett terminated Mekilo, who was 53 years old at the time. (Doc. 31 at 2).

Drasba alleges that his termination was based on unlawful age discrimination. (Doc. 1 ¶ 24). As evidence of age discrimination, Drasba points to the fact that Scranton did not have an assistant store manager for over 25 years until Desai was hired and took over some of Drasba's duties as store manager. (Doc. 28-1 at 11). He also asserts that, contrary to Follett's contentions that there were issues with his performance, he was never disciplined or counseled in any manner in the years leading to his termination and that his termination came without any warning or

explanation. (Doc. 1 ¶¶ 15-16). For its part, Follett argues that Drasba was terminated due to poor performance, including the email mistake, the issue with the professor's textbook, and general poor performance over a number of years, as well as Scranton's threat to terminate its contract with Follett pending a change to bookstore management. (Doc. 27 ¶ 20-22, 25-26).

After exhausting all available administrative remedies through the Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC"), Drasba filed his complaint on August 24, 2023, bringing claims of age discrimination pursuant to the ADEA and PHRA. (Doc. 1). Follett now moves for summary judgment, arguing that Drasba's age discrimination claim fails as a matter of law. (Doc. 25).

After consideration, we conclude that Drasba has established genuine issues of material fact that preclude an entry of summary judgment in favor of Follett. Accordingly, we will deny the defendant's motion for summary judgment.

## III. Discussion

### A. Motion for Summary Judgment – Standard of Review

The defendant has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) provides that a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of the facts will depend on the substantive law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under governing law" will preclude summary judgment. *Id.* A dispute is only genuine if a reasonable juror could find in favor of the nonmoving party. *Id.*

The moving party bears the initial burden to "demonstrate the absence of a genuine issue of material fact," relying on pleadings, depositions, affidavits, and other evidence in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant "successfully points to evidence of all of the facts needed to decide the case on the law," the nonmovant can still defeat summary judgment by pointing to evidence in the record which creates a genuine dispute of material fact and from

which a jury could find in its favor. *El v. Southeastern Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007). However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). A court may not make credibility determinations or weigh the evidence, but "must view the facts in the light most favorable to the non-moving party." *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

### B. The Defendant's Motion for Summary Judgment will be Denied.

Our review of Follett's motion for summary judgement reveals that there are genuine disputes of material fact regarding Drasba's age discrimination claim. Specifically, the parties dispute whether Drasba was qualified for the position of bookstore manager and whether he was replaced by someone sufficiently younger to give rise to an inference of age discrimination. As we will discuss, we find that Drasba has set forth a prima facie case of age discrimination, and he has pointed to evidence to discredit Follett's stated legitimate nondiscriminatory reasons for his termination. Accordingly, we will deny the defendant's motion for summary judgement.

The ADEA prohibits employers from discriminating against employees based on their age. 29 U.S.C. § 623(a)(1).[1] ADEA claims follow the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Thus, to state a prima facie case of age discrimination, a plaintiff must show (1) that he is 40 years of age or older; (2) that he suffered an adverse employment action; (3) that he was qualified for his position; and (4) that he was replaced by a sufficiently younger individual giving rise to an inference of discrimination. *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009). In evaluating the plaintiff's prima facie case, we apply an objective standard to determine whether the plaintiff was qualified for the position. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995) (citing *Weldon v. Kraft, Inc.*, 896 F.2d 793, 798 (3d Cir. 1990)).

Regarding the final element, an individual replacing the plaintiff may be considered "sufficiently younger" even if they are in the same protected class. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S.

---

[1] "The ADEA and the PHRA contain 'analogous provision[s]' with respect to age discrimination[.]" *McLaughlin v. Int'l Brotherhood of Teamsters, Local 249*, 641 F. Supp. 3d 177, 204 (W.D. Pa. 2022) (quoting *Simpson v. Kay Jewelers*, 142 F.3d 639, 644 n.5 (3d Cir. 1998)). Accordingly, our analysis of the plaintiff's ADEA claim applies equally to the PHRA claim.

308, 312 (1996) ("The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out because of his age."). The Third Circuit has noted that no particular age difference must be shown and that the plaintiff "may point to a sufficient age difference between himself and his replacement such that a fact-finder can reasonably conclude that the employment decision was made on the basis of age." *Sempier*, 45 F.3d at 729. Additionally, courts are not limited to considering the age of the plaintiff's final replacement in determining if the plaintiff has shown that their replacement was sufficiently younger to give rise to an inference of age discrimination. *Id.* at 730 (considering the age difference of both the plaintiff's final replacement and the individual who took over some of the plaintiff's job responsibilities). However, the inference of age discrimination "cannot rest entirely on the immediate replacement by a sufficiently younger employee." *Maciejewski v. Community Bank & Trust Co.*, No. CIV.A. 3:08-2214, 2012 WL 4461076, at * 5 (M.D. Pa. Sept. 25, 2012).

If the plaintiff establishes a prima facie case, the burden shifts to the defendant, who must rebut the plaintiff's allegations by stating a

legitimate nondiscriminatory reason for the adverse employment decision. *Sempier*, 45 F.3d at 728 (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993)). If the defendant can state a nondiscriminatory reason for their actions, then the burden shifts back to the plaintiff to show that the defendant's stated reasons were a pretext for discrimination. *Id.* A plaintiff may defeat a motion for summary judgement by either "(i) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Id.* at 731 (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)).

Here, the first two prongs are not in dispute because Follett concedes that Drasba is over the age of 40 and suffered an adverse employment action. (Doc. 29 at 15). However, Follett argues that Drasba failed to establish that he was qualified for the position of bookstore manager and cannot show that he was replaced by someone sufficiently younger to support an inference of discrimination. (*Id.*).

Follett's assertion that Drasba was not qualified for the position relies on its contention that Drasba was not meeting Follett's

expectations. (Doc. 26 at 15). However, as we have explained, Drasba vehemently disputes this contention. While Follett cites to the email communication issue as part of Drasba's poor performance, Drasba asserts that there was a technological issue with his email, which he claims Pallante did not necessarily dispute in his deposition. Further, as we have noted, while Follett points to the miscommunication between Drasba and the professor regarding textbook availability, Drasba contends that there was no issue and that the professor apologized to him for the issue being unnecessarily escalated to the campus contact. Accordingly, because the material facts on which Follett relies are in dispute, we cannot conclude that Follett has shown, as a matter of law, that Drasba was not qualified for the position.

Finally, as to the final element of Drasba's prima facie case, Follett asserts that Drasba was not replaced by someone sufficiently younger to give rise to an inference of discrimination because his ultimate replacement, Holly Pelton, is only four years younger than Drasba and within the same protected age group. (Doc. 29 at 15). For his part, Drasba contends that we must consider not just his final replacement, but the interim replacements that took over his job duties after he was

terminated, Desai and Diehl, who were both significantly younger than Drasba. (Doc. 31 at 2). As we have explained, we are permitted to consider the individuals who replaced Drasba on an interim basis, although that cannot be the sole evidence Drasba relies on to show an inference of age discrimination. *See Sempier*, 45 F.3d at 729; *Maciejewski*, 2012 WL 4461076, at * 5.

Here, viewing the evidence in a light favorable to Drasba as the nonmovant, we conclude that Drasba has established that he was replaced by someone sufficiently younger. It is undisputed that both Desai and Diehl were significantly younger than the plaintiff. Further, Drasba has provided some evidence to show that Desai took over some of his duties even prior to his termination, and further contends that Desai was offered the store manager position after he was terminated. Finally, while his ultimate replacement was only four years younger than him, we conclude that, viewing the evidence as a whole, a jury could reasonably conclude that Drasba was replaced by individuals sufficiently younger to give rise to an inference of age discrimination. As a result, we conclude that Drasba has established a prima facie case of age discrimination.

Because Drasba has established his prima facie case, the burden shifts to Follett to provide a legitimate nondiscriminatory reason for Drasba's termination. *Id.* at 728. Follett asserts that Drasba was terminated due to his history of performance issues and Scranton's threat to terminate its contact with Follett unless changes were made to the bookstore's management. (Doc. 29 at 19). These allegations satisfy Follett's relatively low burden under *McDonnell Douglas* to provide a legitimate, nondiscriminatory reason for Drasba's termination. *See Fuentes*, 32 F.3d at 763 (characterizing the employer's burden at this stage as "relatively light").

Drasba claims that the allegations of poor performance were merely a pretext for discrimination. (Doc. 31 at 8-9). Drasba points to evidence that he claims discredits the allegations of poor performance: the technical issues with his email account, his positive performance reviews from Follett over 28 years, the lack of evidence supporting Scranton's alleged request for his termination, and the sale of Follett to an investment firm after which a number of employees were terminated and replaced with younger individuals. (*Id.*). While Follett disputes Drasba's version of events, we find a jury could conclude that Follett's assertions

of Drasba's poor performance and of Scranton's request for a change in local leadership were merely pretext for discrimination.

Accordingly, given that there are genuine disputes of material fact regarding Drasba's age discrimination claim, we will deny the defendant's motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgement will be DENIED.

An appropriate order follows.

Submitted this 24th day of March 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge